**James E. KOENIG, Plaintiff,**

v.

**WASTE MANAGEMENT, INC. and Waste Management Holdings, Inc., Defendants.**

**No. 99 C 1560.**

United States District Court, N.D. Illinois, Eastern Division.

July 20, 2000.

See also 76 F.Supp.2d 908.

Sarah R. Wolff, Jonathan Stuart Quinn, Matthew John O'Hara, Sachnoff & Weaver, Ltd., Chicago, IL, for James E Koenig, plaintiff.

Timothy Alan Nelsen, Donna L. McDevitt, Matthew Robert Kipp, Nancy S. Eisenhauer, Erynne Allison Ross, Skadden, Arps, Slate, Meagher & Flom, Chicago, IL, for Waste Management, Inc., a Delaware corporation, defendant.

Nancy S. Eisenhauer, Erynne Allison Ross, Skadden, Arps, Slate, Meagher & Flom, Chicago, IL, for Waste Management Holdings, Inc., a Delaware corporation, defendant.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Plaintiff James E. Koenig sued Defendants Waste Management, Inc. and Waste Management Holdings, Inc., alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461 (1999), and breach of his employment contract. On December 3, 1999, this Court denied the defendants' motion to dismiss. *Koenig v. Waste Management, Inc.,* 76 F.Supp.2d. 908 (N.D.Ill.1999) (*"Koenig I"*). Currently before the Court are Plaintiff's Motion for Partial Summary Judgment and Defendants' Cross–Motion for Summary Judgment. After carefully reviewing the record, we grant summary judgment for the defendants and deny the plaintiff's motion.

## RELEVANT FACTS[1]

Koenig filed suit against the defendants seeking to recover his benefits under the Supplemental Executive Retirement Plan ("SERP"), which provided benefits to executive-level employees who had met certain conditions. After the merger that resulted in New Waste, SERP benefits were to be paid out to beneficiaries in lump sum payments. SERP benefits, however, could be forfeited if a plan participant, *inter alia,* performed acts of willful malfeasance or gross negligence. Under the First Amendment of the SERP, if a SERP participant was under investigation for gross negligence or willful malfeasance, his or

---

1. We assume familiarity with *Koenig I* and will not needlessly repeat the facts recited there that are not relevant to this opinion.

Earlier, at the motion to dismiss stage, we viewed all facts in the light most favorable to Koenig. At this stage of the litigation, however, we no longer are constrained to take Koenig's factual allegations as true and instead consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" to determine if there is a genuine issue as to any material fact. Fed.R.Civ.P. 56(c).

her benefits would be directed to an interest-bearing escrow account, subject to forfeiture pending the conclusion of the investigation. The parties disagree as to which body was responsible for determining whether any current or former employees had committed willful malfeasance or gross negligence. Koenig asserts that the Audit Committee of the Board of Directors, and its duly appointed successor, made these determinations, while the defendants argue that only the full Board of Directors had final decision-making power.

In November 1998, New Waste notified Koenig of its decision to hold his benefits in escrow pending the outcome of the Audit Committee's investigation. The next month, New Waste distributed lump sum payments to virtually all SERP participants; Koenig, however, did not receive any SERP benefits. On January 18, 2000, New Waste wrote a letter to Koenig's counsel stating that the Audit Committee had unanimously decided that Koenig's actions constituted gross negligence. (R. 28, Pl.'s 56.1(a) Statement ¶ 29.)

Prior to the merger, disputed SERP claims were handled by the Compensation and Stock Option Committee of the Board of Directors. (R. 48, Pl.'s Resp. to Defs.' 56.1(b)(3) Statement ¶ 38.) The defendants assert that, after the merger, the Administrative Committee took over responsibility for reviewing claims that the full Board had denied. Koenig, on the other hand, argues that a successor to the Compensation Committee was never appointed. It is undisputed, however, that three other employees, who also were denied their SERP benefits, used the Administrative Committee review process to settle their claims. Koenig "admits that he never filed a claim for benefits, or otherwise attempted to invoke the SERP's Claims Procedure," (*id.* at ¶ 41); instead he filed his complaint in this Court.

Currently pending before the Court are Plaintiff's Motion for Partial Summary Judgment and Defendants' Cross–Motion for Summary Judgment. The defendants argue that this Court should grant them summary judgment because Koenig has not exhausted his available administrative remedies. Koenig, on the other hand, argues that his failure to exhaust should be excused because he had no meaningful access to review procedures and because utilizing the SERP's review process would be futile.

## ANALYSIS

### A. Standard of Review

Summary judgment should be granted when the evidence indicates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In determining whether a genuine issue of material fact exists, courts must construe all facts in the light most favorable to the nonmoving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, neither "the mere existence of some alleged factual dispute between the parties ... nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231 (7th Cir.1997) (citations omitted). When both parties seek summary judgment, the court will "look to the burden of proof that each party would bear on an issue of trial; [the court] then require[s] that party to go beyond the pleadings and affirmatively to establish a genuine issue of material fact." *Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir.1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

### B. Exhaustion of Administrative Remedies

The defendants seek summary judgment in this case because, they argue, Koenig failed to exhaust the administrative remedies available to him under the SERP. Generally, a plaintiff must exhaust available administrative remedies before

filing a federal claim alleging an ERISA violation. *Robyns,* 130 F.3d at 1235. Courts require exhaustion of administrative remedies to minimize frivolous lawsuits, promote a non-adversarial dispute resolution process and decrease costs associated with claims settlement. *Lindemann v. Mobil Oil Corp.,* 79 F.3d 647, 650 (7th Cir.1996); *see also Challenger v. Local Union No. 1 of Int'l Bridge Structural and Ornamental Ironworkers,* 619 F.2d 645, 649 (7th Cir.1980) ("To make every claim dispute into a federal case would undermine the claim procedure contemplated by [ERISA].").

■■■ Courts, however, have the discretion to excuse a plaintiff's failure to exhaust administrative remedies. *Robyns,* 130 F.3d at 1236; *Powell v. A.T. & T. Communications, Inc.,* 938 F.2d 823, 825 (7th Cir.1991). In making this discretionary determination, "[a] district court may excuse a plaintiff's failure to exhaust administrative remedies (1) if there has been a lack of meaningful access to the review procedures or (2) if exhaustion of internal remedies would be futile." *Robyns,* 130 F.3d at 1236 (citing *Smith v. Blue Cross & Blue Shield United,* 959 F.2d 655, 658–59 (7th Cir.1992)).

### 1. Lack of Meaningful Access

As noted earlier, Koenig argues that because no successor to the Compensation Committee was appointed after the merger, he was denied meaningful access to review procedures. Koenig asserts that the Administrative Committee, which the defendants claim handled SERP benefits disputes after the merger, was merely "conjured up" on summary judgment. (R. 47, Pl.'s Opp'n to Defs.' Cross–Motion for Summ.J. at 5 ("Pl.'s Opp'n").) Contrary to Koenig's assertion, the defendants have maintained consistently that "after the Merger, the Administrative Committee

took over all administrative obligations of the Company's benefit plans and thus became the successor to the Compensation Committee." (R. 24, Defs.' Answer to Am. Compl. ¶ 38.)

■■■ The defendants submit, as evidence of the Administrative Committee's designation as the new SERP administrator, the Committee's meeting minutes, dated December 1998 and February 1999, which discuss the outcome of the Committee's review of disputed SERP claims of three other employees who were denied SERP benefits.[2] (R. 42, App. to Defs.' 56.1(b)(3) Statement, Exs. 15, 16.) Koenig makes no objection to the authenticity of these meeting minutes. Instead, Koenig asserts, without citing any authority, that, because the defendants did not pass a resolution specifically granting the Administrative Committee the power to review claims, lack of meaningful access is established. Our independent research has not uncovered any authority for Koenig's proposed rule, and we decline to adopt it.

■■■ Koenig next argues that because he, himself, was not affirmatively told that the Administrative Committee existed and could review his disputed claim, he was denied meaningful access. As noted earlier, Koenig concedes that three other employees who were denied SERP benefits brought their claims before the Administrative Committee, which reviewed those claims and then issued decisions.[3] (R. 48, Pl.'s Resp. to Defs' 56.1(b)(3) Statement ¶ 42.) Koenig argues, however, that the fact that other employees were aware of the review procedures does not mean that we can impute knowledge of the Administrative Committee to him. He asserts the plan administrator was required to communicate to him "precisely what the review procedures are." (R. 47, Pl.'s Opp'n at 8.) Koenig attempts to buttress his argument by citing *Carter v. Signode Indus.,*

---

**2.** The defendants also submit, *inter alia,* declarations of the former senior legal counsel and former Vice President of Benefit Services attesting to the Administrative Committee's role as SERP administrator.

**3.** Of the three individuals who brought their claims before the Administrative Committee, the Committee determined that one was entitled to his benefits and the other two were not.

688 F.Supp. 1283 (N.D.Ill.1988); he explains that, in *Carter*, the plan administrator's "failure to inform the participants how to proceed administratively ... led the district court to hold that the meaningful access exception applied." (R. 47, Pl.'s Opp'n at 9 (citing *Carter*, 688 F.Supp. at 1286–88).) Koenig misreads *Carter*. As the defendants point out, the purported failure to inform the plaintiff in *Carter* was discussed in the context of the futility, not lack of meaningful access, exception. Furthermore, even within the futility context, while the *Carter* court notes the fact that the plan did not provide specific guidelines for review, its decision to excuse the plaintiff's failure to exhaust actually "hinge[d] on" the committee's earlier treatment of other plan beneficiaries, which made clear that the plaintiffs would not receive either a fair review of their claims or their benefits. *Carter*, 688 F.Supp. at 1287. In contrast, here, the Administrative Committee has reviewed and decided three other employees' claims, awarding benefits in one of the cases.

■ Contrary to Koenig's reading, *Carter* makes clear that, to establish lack of meaningful access, a party "must have made attempts to have [ ] higher levels of review initiated." *Id.* at 1288 (citation omitted). Here, Koenig concedes that he did not make any efforts at all for an administrative review of his benefits claim.

■ Koenig cites two other cases to buttress his lack of meaningful access argument: *Ames v. American Nat'l Can Co.*, 170 F.3d 751 (7th Cir.1999) and *Smith*, 959 F.2d 655. The *Ames* court found that there was meaningful access where the plaintiffs had documents in their possession detailing how to utilize the review procedure. In *Smith*, the court found that there was meaningful access because there was no evidence that participants were unaware of the review procedure. Neither case helps Koenig. These two cases merely exemplify what evidence might affirmatively establish the *existence* of meaningful access for plaintiffs; they do not hold that

the absence of such facts proves the *lack* of meaningful access. Koenig's mere allegation that he was unaware of the review procedure is insufficient to show lack of meaningful access.

Koenig's argument is the same one raised, and rejected, in *Robyns*, 130 F.3d 1231. The plaintiff in *Robyns* argued that she was excused from exhausting administrative remedies because she was not informed of her plan administrator's internal administrative appeals process. The *Robyns* court rejected the argument, explaining that the company did not have to notify her of the claims procedure until her claim was denied, a step that had not yet occurred. *Id.* at 1237. In this case as well, there has been no denial:[4] as the *Robyns* court aptly stated, "this is a classic case of jumping the gun." *Id.*

### 2. Futility

Koenig argues that the Audit Committee's determination that he was grossly negligent constitutes the Board of Directors' final decision. Koenig's only support for this contention is a July 1998 Board of Directors' resolution, which states that the Audit Committee may declare on behalf of the Board that Koenig was grossly negligent.

■ The defendants, however, assert that the full Board of Directors, not the Audit Committee, has the final word on whether Koenig would be denied his benefits. The defendants point out that, pursuant to a later resolution adopted by the Board of Directors in November 1998, the Audit Committee merely makes a recommendation to the Board of Directors, which in turn decides whether Koenig is entitled to his benefits. (R. 42, App. to Defs.' 56.1(b)(3) Statement, Ex. 10, Nov. 2, 1998 Resolution ("further action to determine whether the standard for forfeiture under the SERP is met with respect to each of these individuals is referred to the Board of Directors of the Company's parent corporation, based upon a recommendation by its Audit Committee at the con-

---

4. Koenig's contention that his claim, in fact, has been denied is discussed below.

clusion of its investigation").) Although he had the opportunity to do so, Koenig does not argue that this November resolution, which was referred to in the defendants' cross-motion for summary judgment and cited in their 56.1(b)(3) statement (and attached as an exhibit), is invalid. Thus, because the full Board has not yet decided whether Koenig has forfeited his benefits, in accordance with the November resolution, he cannot establish futility.

Koenig, assuming that the Audit Committee's decision constitutes a final decision, goes on to argue that seeking review of the Audit Committee's decision by the Administrative Committee would be futile. He contends that, because the Administrative Committee is composed of lower-level executives,[5] realistically it would never overturn the findings of the more powerful Audit Committee. Even if we agreed that the Audit Committee could make a decision on behalf of the Board, which we do not, the Administrative Committee, obviously, has not even had the opportunity to review the Board's decision, expected later this year. Both parties agree that, to come within the futility exception, a plaintiff must show that "it is *certain* that her claim will be denied on appeal, not merely that she doubts that an appeal will result in a different decision." *Ames,* 170 F.3d at 756 (quotations omitted) (emphasis added). Koenig's claim of futility is based solely on conjecture. *See Robyns,* 130 F.3d at 1238. Understandably, Koenig is concerned that the Board is predisposed to denying him his benefits and that the Administrative Committee may not have the fortitude to invalidate such a decision. These concerns do not, however, constitute *certainty* that his claim will be denied, as is required to establish futility. In fact, the record establishes that the Administrative Committee decided to grant SERP benefits to another employee who had earlier been denied his benefits. (R. 42, App. to Defs.' 56.1(b)(3) Statement, Ex. 16.) Thus, the

undisputed record before the Court compels us to exercise our discretion to require exhaustion and grant Defendants' Cross–Motion for Summary Judgment.

## CONCLUSION

For these reasons, we grant the Defendants' Cross–Motion for Summary Judgment. (R. 40.) We deny Koenig's Motion for Partial Summary Judgment. (R. 26.) We fully realize that there is some chance that this decision may only delay the final resolution of this dispute, however, Koenig will remain free to renew this litigation, which will remain dismissed without prejudice, while he completes his administrative remedies. The Court will give this case expedited treatment if this lawsuit is ever renewed.

---

5. Although the parties dispute whether the Administrative Committee members qualify as "officers" of New Waste, the question does not affect the outcome of the motions before us.