249 F.3d 130 (2nd Cir. 2001)
 JENNIFER A. DAVENPORT, PLAINTIFF-APPELLANT- CROSS-APPELLEE,
v.
HARRY N. ABRAMS, INC., CARMAN MILLS, THE TIMES MIRROR COMPANY, THE TIMES MIRROR COMPANY PENSION PLAN, THE GROUP BENEFITS PLAN AND RON MADURA, DEFENDANTS-APPELLEES-CROSS-APPELLANTS.
 Docket Nos. 00-9322, 00-9418
No. 823--August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: April 23, 2001
May 4, 2001
 
 Appeal from a judgment of the United States District Court for the Southern District of New York, Louis A. Kaplan, Judge, granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment.
 Modified in part, and in remaining part affirmed.
 Edgar Pauk, New York, NY, for Plaintiff-Appellant-Cross-Appellee.
 Eric B. Chaikin, Chaikin & Chaikin, New York, NY, for Defendants-Appellees-Cross-Appellants.
 Before: Jacobs, Parker and Katzmann, Circuit Judges.
 
 Per Curiam
 
 1
 Plaintiff-Appellant Jennifer A. Davenport commenced this action pro se on November 23, 1998, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") §§ 502(a)(1)(A) and (B), 29 U.S.C. §§ 1132(a)(1)(A) and (B), against Harry M. Abrams, Inc., her employer ("Abrams"); the Times Mirror Company, which owned Abrams; Carmen Mills, Administrator of Abrams' Human Resources Department; The Times Mirror Pension Plan; The Group Benefits Plan; and Ron Madura, identified as Benefit Plans "Administrator" (collectively, "defendants"). Davenport sued to recover benefits that defendants allegedly owed to her under the Times Mirror Pension Plan ("the Plan").
 
 
 2
 The parties filed cross-motions for summary judgment; defendants argued (inter alia) Davenport's failure to exhaust, and Davenport pressed a claim for civil penalties against the defendants. On September 20, 2000, the United States District Court for the Southern District of New York (Kaplan, J.), rejecting the magistrate judge's recommendations, granted defendants' motion for summary judgment and dismissed without prejudice Davenport's claim for benefits under the Plan. The court denied Davenport's motion for civil penalties, but dismissed that claim without prejudice.
 
 
 3
 Davenport argues on appeal that she was under no obligation to administratively exhaust her claim, and, even if she was, that the court abused its discretion in failing to rule that exhaustion would have been futile. Defendants argue on appeal that the district court should have ruled that Davenport's unexhausted claim was barred by the statute of limitations. Defendants also argue that, in any event, the dismissal of Davenport's civil penalties claim should have been entered with prejudice.
 
 BACKGROUND
 
 4
 Davenport performed graphic art services for Abrams, an international art book publishing company, from January 27, 1987 through December 16, 1996, working on Abrams' premises at least 1000 hours per year in all years except 1987 and 1994. Davenport was retained as an independent contractor and therefore was provided no benefits.
 
 
 5
 As early as 1989, Davenport grew dissatisfied with the financial disadvantages of her classification as an independent contractor, but she took no concrete step to explore benefits until February 1997, when her lawyer wrote to the president of Abrams stating that Abrams' refusal to allow Davenport to participate in Abrams' employee benefit plan was a violation of ERISA. Between February 1997 and August 1998, Davenport or her lawyer dispatched seven letters to Abrams and Times Mirror asserting Davenport's right to participate in Abrams' employee benefit plan and inquiring about any such benefits that may already have accrued.[1] In a February 28, 1997 response, Times Mirror's Deputy General Counsel advised Davenport that "[i]t is Times Mirror's and Abrams' view that as an independent contractor you were not covered by any of the benefit plans of Abrams. From the correspondence in our file, I understand you are of a different view."
 
 
 6
 It is undisputed that Davenport has filed no application for benefits under the Plan. And the district court found that Davenport did not request a copy of the Summary Plan Description ("SPD") or any of the Plan documents. During discovery, Davenport (for the first time) requested, and has received, copies of the "Harry N. Abrams Retirement Plan," as effective January 1, 1985 (which putatively would have applied to her when she began working at Abrams in 1987) and the 1994 version of the "Times Mirror Consolidated Pension Plan."
 
 DISCUSSION
 1. Failure to Exhaust
 
 7
 The district court held that Davenport "inexcusably has failed to avail herself" of the remedies under the Plan even if she only received official notice of those remedies after commencing the instant lawsuit. Davenport insists on appeal that she has done all that the exhaustion doctrine requires. She advances the following syllogism: Department of Labor regulations require a "reasonable" claims procedure (i.e., one that is described in a SPD and communicated to participants) and provide for an alternative procedure in which the claim is filed with the employer; defendants bore the burden of showing that the Plan's claim procedure was "reasonable," but failed to put the SPD in evidence; therefore, Davenport complied with the alternative claims procedure by virtue of the correspondence with her employer, and has fully exhausted her remedies.
 
 
 8
 This argument is not properly asserted in this Court, because Davenport never argued in district court that the absence of the SPD from the record compels the finding that the Plan's claims procedure is "unreasonable" as a matter of law. See Mellon Bank N.A. v. United Bank Corp., 31 F.3d 113, 116 (2d Cir. 1994) ("We will hear new argument on appeal only when necessary to avoid manifest injustice.") (internal quotations and citation omitted)). In any event, Davenport cites no authority, and we find none, assigning to defendants the burden to place the SPD in the record or suggesting that it was error to dismiss Davenport's claim for benefits (without prejudice) without first making a determination that the Plan's claims procedure, as described in the SPD, was "reasonable."[2]
 
 
 9
 Davenport argues in the alternative that the district court should have excused her failure to exhaust on the ground that (i) any effort to exhaust would be futile, or (ii) she was denied meaningful access to the Plan's administrative process. Neither exception applies.
 
 As to futility:
 
 10
 The primary purposes of the exhaustion requirement are to: (1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not de novo. Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 588, 594 (2d Cir. 1993) (citing Denton v. First Nat'l Bank, 765 F.2d 1295 (5th Cir.), rh'g denied, 772 F.2d 904 (5th Cir. 1985)).
 
 
 11
 Kennedy stated that futility would excuse an ERISA plaintiff's failure to exhaust only "[w]here claimants make a clear and positive showing that pursuing available administrative remedies would be futile." Id. (internal quotation marks and citation omitted) (emphasis added). Kennedy rejected plaintiffs' contention of administrative futility because "[t]here [was] no evidence in the record that any ERISA plaintiff even notified [the plan administrator] of any disputed claim." Id. (citation omitted)
 
 
 12
 Davenport has not made a "clear and positive showing" that proper assertion of her claim would be futile. The 1997-98 correspondence did not amount to an "unambiguous application for benefits and a formal or informal administrative decision denying benefits [such that] it is clear that seeking further administrative review of the decision would be futile." Barnett v. IBM Corp., 885 F. Supp. 581, 588 (S.D.N.Y. 1995). The putative "denial" of benefits contained in Times Mirror's February 26, 1998 letter to Davenport did not render futile further pursuit of her claims through the proper channels. See Bourgeois, 215 F.3d at 480 n.14 ("[A]llowing informal attempts to substitute for the formal claims procedure would frustrate the primary purposes of the exhaustion requirement"); Barnett, 885 F. Supp. at 588 ("[I]f an informal or unsubstantiated denial of a "claim" that was never filed or formally presented is reviewable in the federal courts, then, in such situations, the courts and not ERISA trustees will be primarily responsible for deciding claims for benefits."). Defendants' position in this lawsuit does not establish futility. See Wilson v. Globe Specialty Prods., 117 F. Supp. 2d 92, 99 (D. Mass 2000) (plan administrator "arguably [had] evidenced an intent to refuse [plaintiff's] claim," but court required exhaustion because it would "not predict how [the administrator] would have decided [plaintiff's] claim on review"); cf. Communications Workers of Am. v. AT&T, 40 F.3d 426, 433 n.1 (D.C. Cir. 1994) (actions taken to defend lack of entitlement to benefits cannot establish futility because otherwise the exhaustion doctrine would be "entirely undermine[d]," as plaintiffs could "bypass administrative remedies, file suit, and then hope for subsequent events to justify futility claims.").[3]
 
 
 13
 Davenport argues that the district court should have waived this exhaustion requirement because she lacked access to the claims procedures. But we agree with the district court's reasoning:
 
 
 14
 Even if plaintiff was unaware of her remedies under the plan prior to the institution of this action, she became aware of them now and yet inexcusably has failed to avail herself of them. A dismissal for failure to exhaust would promote the purposes of [ERISA] by enabling the plan committee to perform the function that Congress contemplated that it would perform.
 
 
 15
 Davenport, who was represented by counsel throughout, never attempted to file a claim for benefits or to request the SPD.
 
 
 16
 Davenport was required to exhaust even if she was ignorant of the proper claims procedure. See Meza, 908 F.2d at 1280 ("Even though [plaintiff] did not receive a copy of the [SPD] as required by [ERISA], he has not shown that the lack of information has harmed him or precluded him from pursuing his administrative remedies at this point.") (emphasis added); Koenig v. Waste Mgmt, Inc., 104 F. Supp. 2d 961, 966 (N.D. Ill. 2000) (explaining that the "company did not have to notify [plaintiff] of the claims procedure until her claim was denied, a step that had not yet occurred," and concluding that "this is a classic case of jumping the gun") (citations omitted); DeLong v. Teacher's Ins. & Annuity Ass'n, No. 99-1384, 2000 WL 426193, at *5 (E.D. Pa. March 29, 2000) (plaintiff's claim of denial to administrative process "[did] not rise to the level of futility," because "[i]t would be illogical for plaintiff to be allowed to establish futility based on ignorance of a claims process which he was never close to invoking").
 
 2. Statute of Limitations
 
 17
 Defendants argue that Davenport's claim was barred by the applicable six-year statute of limitations imposed by New York law, and that the district court erred by not so ruling. In Miles v. New York State Teamsters Conf. Pension Plan, 698 F.2d 593 (2d Cir. 1983), we held that "[a] plaintiff's ERISA cause of action accrues . . . when there has been a repudiation by the fiduciary which is clear and made known to the beneficiaries." Id. at 598 (internal quotation marks and citation omitted). In Carey v. International Bhd. of Elec. Workers Local 363 Pension Plan, 201 F.3d 44 (2d Cir. 1999) we clarified that a plaintiff's ERISA cause of action can accrue even where the plaintiff has not filed a formal application for benefits. Id. at 490.
 
 
 18
 Defendants invite us to extend Carey by holding that Davenport's cause of action accrued as soon as she knew that she was not entitled to participate in a benefits or pension plan--that is, in 1987, when she accepted a position as an independent contractor. This argument is premature given the failure to exhaust. If, in the course of exhausting her remedies, Davenport is in fact granted benefits, then there would be no occasion for defendants to interpose a statute of limitations defense. If Davenport's claim for benefits is denied, then the grounds for that denial may affect the statute of limitations analysis, and there will be time enough to address those grounds when presented in the district court when a statute of limitations defense is asserted.[4]
 
 3. Civil Penalties Claim
 
 19
 The district court dismissed Davenport's case without prejudice to a future claim for penalties under ERISA § 1132(c)(1) based on the administrator's alleged failure to provide her with plan information. Defendants argue that the district court should have ruled that the claim fails whether or not Davenport was covered by the Plan because no such penalty may be imposed unless there has been a specific request for the information.
 
 ERISA § 501(c)(1) states, in part:
 
 20
 Any administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.
 
 
 21
 Id. By its terms, ERISA allows for civil penalties only if an administrator has refused to comply with "a request for information." Id.; see also Matassarin v. Lynch, 174 F.3d 549, 570 (5th Cir. 1999).
 
 
 22
 Davenport concedes that she "never asked for the Summary Plan Description by name." And the district court found that the December 5, 1997 letter did not request an SPD. Davenport's only specific information request was for the type and amount of any vested benefits that she had accrued in any plans in which she may have participated. Defendants did not produce the SPD because they did not believe that Davenport was covered by the Plan. In the absence of a specific request for an SPD (and in light of the nature of the requests for information that Davenport did make and the fact that she was represented by counsel), statutory penalties are inappropriate in this case.
 
 
 23
 For the reasons set forth above, the judgment of the district court dismissing this action on the ground that Davenport failed to exhaust her remedies under the Plan is hereby affirmed, except insofar as the judgment recites that the dismissal is without prejudice to a subsequent claim for civil penalties under ERISA for failure to provide plan information. The judgment should be modified to provide that that claim is dismissed with prejudice.
 
 
 
 NOTES:
 
 
 [1]
 Between January 1997 and August 1998, Davenport was represented by Laura Schnell of the law firm of Vladeck, Waldman, Elias & Engelhard. Davenport retained present counsel on January 19, 2000.
 
 
 [2]
 Davenport's argument that the claims procedure was unreasonable as a matter of law because she was not given any information about it--a claim she did raise in the district court--is also unavailing. The district court properly rejected this argument: "[i]n view of the fact that plaintiff's employer never considered her to be covered by the plan, it is not surprising that she was not provided with a[n] [SPD] in a routine way." Ignorance of a claim procedure does not defeat the exhaustion requirement. See Meza v. General Battery Corp., 908 F.2d 1262, 1279 (5th Cir. 1990) ("[Because] there is no indication that [plaintiff] ever applied for his pension benefits prior to filing suit," allowing plaintiff to make his initial claim for pension benefits by filing a lawsuit would undermine the policies underlying the exhaustion requirement); see also Bourgeois v. Pension Plan, 215 F.3d 475, 480 (5th Cir. 2000) ("Meza imposes a duty to seek the necessary information even if it has not been made available").
 
 
 [3]
 This case is distinguishable from Marsh v. Crucible, Inc., 783 F. Supp. 938 (W.D. Pa. 1992), because in Marsh, the court applied the futility exception only where both the plan administrator and the review committee (i) had made a "final (albeit hypothetical) determination" of a "claim that is identical to that being urged by the plaintiffs," and (ii) had initiated a separate action seeking a declaration that the plaintiffs were not entitled to benefits. Id. at 942.
 
 
 [4]
 The American Association for Retired Persons ("AARP") submitted an amicus brief arguing that the statute of limitations did not begin to run on Davenport's claim for benefits when she was hired because only a fiduciary can repudiate an individual's claim for benefits. We do not reach the merits of this issue.