Yeshaya **BENAIM**, Plainitiff–Appellant,

v.

**HSBC BANK USA**, as successor in interest to Republic National Bank of New York and Republic Bank of New York, Defendants–Appellees.

No. 00–7729.

United States Court of Appeals, Second Circuit.

Nov. 21, 2001.

Thomas T. Keating, New York, NY, for appellant.

Alan Levine, Kronish Lieb Weiner & Hellman LLP, New York, NY; Michael Paley, on the brief, for appellees.

Present SOTOMAYOR, KATZMANN, and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge* ), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff Yeshaya Benaim appeals from an order and judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*) denying plaintiff's motion for partial summary judgment and granting defendants' cross-motion for summary judgment. The district court dismissed plaintiff's ERISA claim without prejudice on the ground that he failed to exhaust his administrative remedies; the court also chose not to exercise supplemental jurisdiction over plaintiff's remaining state-law contract claim. We affirm for substantially the reasons stated by the district court.

■ Plaintiff argues on appeal that the exhaustion requirement should be excused for futility. The issue of futility, however, was not raised in a timely manner before the district court. Despite having an extended period to respond to defendants' cross-motion, plaintiff's response raising the futility issue was submitted eleven days late and on the very day the district court issued its opinion. Moreover, plaintiff failed to even make a motion for reconsideration on the futility issue. We will consider an issue not raised before a district court only when doing so prevents a manifest injustice. *Davenport v. Harry N. Abrams, Inc.,* 249 F.3d 130, 132–33 (2d Cir.2001). Based upon the aforementioned facts, we find no manifest injustice here.

■ Moreover, plaintiff's arguments fall far short of the "clear and positive showing" required to demonstrate futility. *See id.* at 133–34. His contention that defendant failed, in its communications denying his claim to pension benefits, to inform him of his right to administrative review—as required by statute, 29 U.S.C. § 1133, regulation, 29 C.F.R. 2560.503–1(f)(4), and indeed the pension plan itself, Retirement Plan § 10.4 (Jt.App.123)—would, if proven, not excuse plaintiff's failure to exhaust his administrative remedies, but would only preclude defendants from refusing to hear his appeal for failure to comply with the prescribed time limits. *See, e.g., White v. Aetna Life Ins. Co.,* 210 F.3d 412, 416 (D.C.Cir.2000).