**Gayle C. GREIFENBERGER, Plaintiff–Appellant,**

v.

**HARTFORD LIFE INSURANCE COMPANY and el al Israel Airlines, Defendants–Appellees.**

No. 04–0385.

United States Court of Appeals, Second Circuit.

May 16, 2005.

Nicholas A. Penkovsky (Daniel A. Lindenfield,), New York, New York, for Appellant, of counsel.

Randi F. Knepper, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Morristown, New Jersey, for Appellees.

Present: RAGGI, WESLEY, and CUDAHY,[1] Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court dismissing plaintiff's claim for failure to exhaust administrative remedies is hereby AFFIRMED.

Plaintiff-appellant Gayle Greifenberger appeals from a decision of the United States District Court for the Southern District of New York granting defendants' motion to dismiss her Employee Retirement Income Security Act ("ERISA") claim for failure to exhaust administrative remedies. *See Greifenberger v. Hartford Life Ins. Co.*, No. 03 Civ 3238, 2003 WL

---

1. The Honorable Richard D. Cudahy, of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

22990093, 2003 U.S. Dist. LEXIS 22810 (S.D.N.Y. Dec. 18, 2003). We assume the parties' familiarity with the facts and the proceedings below, which we reference only as necessary to explain our decision to affirm.

Because ERISA specifically requires benefit plans to provide for "full and fair review" of denied claims, 29 U.S.C. § 1133(2), this court requires the exhaustion of administrative review procedures as a jurisdictional prerequisite to any suit to recover ERISA benefits. *See Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 511 (2d. Cir.2002); *see also Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993) (holding similarly with respect to suits to recover benefits under the Federal Employees Health Benefits Act "FEHBA"); *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir.1989) (affirming denial of leave to amend ERISA complaint where the plaintiff "made no attempt, as required, to exhaust the administrative remedies provided for under the plan"). Griefenberger concedes that she did not exhaust the administrative review procedures outlined in Hartford's disability plan; nevertheless, she insists that the district court erred in dismissing her complaint.

■ First, she argues that an ambiguity in the Hartford policy absolved her from any administrative exhaustion require-ment. She asserts that the policy provision stating that, "on any denied claim, you or your representative may appeal to the Hartford for a full and fair review," suggests that administrative appeal under the policy is optional, not mandatory. We disagree. Indeed, this court has previously construed nearly identical language in FEHBA to establish an administrative exhaustion prerequisite to federal suit. *See Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d at 593–94 (holding that language in FEHBA stating that, if a health benefit plan "denies a claim, the enrollee may ask the plan to reconsider the denial," establishes administrative exhaustion requirement).[2] Thus, the inclusion of the term "may" in Hartford's policy cannot excuse Greifenberger from the duty to exhaust administrative review before filing suit under ERISA. *See id.*

■ Second, Greifenberger invokes equitable estoppel to challenge the dismissal of her complaint. Equitable estoppel requires (1) a promise, (2) reasonable reliance on the promise, (3) injury caused by the reliance, (4) an injustice if the promise is not enforced, and (5) extraordinary circumstances. *See Schonholz v. Long Island Jewish Medical Center*, 87 F.3d 72, 79 (2d Cir.1996). Greifenberger certainly cannot establish the first factor. The plan language to which she cites does not constitute a promise, or even a representation, by Hartford that claimants could file a

---

**2.** In *Gallegos v. Mt. Sinai Medical Center*, 210 F.3d 803 (7th Cir.2000), in an ERISA context, the Seventh Circuit reached a different interpretation of similar language:

> [The plaintiff] asserts, however, that what [the insurance company] did not tell her was that is she elected not to pursue an administrative review of her claim, the [insurance company] would use this choice against her in any subsequent federal suit. We agree with the plaintiff that use of phrases such as "you may have [your claim] reviewed," "should you desire a review,"

> "if you ... wish to have the decision reviewed," and "you ... may appeal," given their plain meaning, indicate that a plan participant has the opportunity to participate in a voluntary, rather than mandatory, review procedure.

*Id.* at 810. For present purposes, we are bound by the law of this circuit, as expressed in *Kennedy*, and in any event, even with the *Gallegos* view of the language, the other elements of promissory estoppel are not fully present.

court action in lieu of pursuing explicit administrative review procedures. To the contrary, the plan's detailed outline of these procedures, reiterated in correspondence from Hartford to Greifenberger, clearly apprised plaintiff that her next step in challenging the denial of her disability claim was to pursue administrative appeal. In any event, the "extraordinary circumstances" necessary to equitable estoppel in the context of an ERISA plan require conduct tantamount to fraud. *See Devlin v. Transportation Communications International Union,* 173 F.3d 94, 101–102 (2d Cir.1999). Greifenberger has pleaded no facts to support such extraordinary circumstances.

Finally, Griefenberger submits that she is excused from any exhaustion requirement by the futility of pursuing Hartford's administrative review process. She fails, however, to make the "clear and positive showing" of futility necessary to come within this exception. *Davenport v. Harry N. Abrams, Inc.,* 249 F.3d 130, 133–34 (2d Cir.2001). To the extent Griefenberger asserts that Hartford's initial unreasonable denial of her benefits claim indicates the futility of further appeal, this court has expressly ruled that such allegations are insufficient to establish futility, particularly where a plaintiff has made no attempt whatsoever to file an administrative claim or to notify the insurer that she disputes its denial of benefits. *See Kennedy v. Empire Blue Cross & Blue Shield,* 989 F.2d at 593–95 (holding that plaintiffs had not made "clear and positive showing of futility" where they "took no action whatsoever with respect to their disputed claims before bringing this action" and there was no evidence in the record that plaintiff "even notified [the insurer] of any disputed claim").

Similarly insufficient to establishing futility is Greifenberger's belated assertion of Hartford's bad faith. *See, e.g., DePace v. Matsushita Elec. Corp. of America,* 257 F.Supp.2d 543, 560 (E.D.N.Y.2003) ("In cases where the plan fiduciary has acted in bad faith ... courts have invoked the futility doctrine and waived exhaustion as a precondition for judicial review") (internal citations omitted). The complaint contains no allegations indicating Hartford's bad faith, the breach of any fiduciary duty, or fraud; it merely asserts that Hartford denied coverage for long term disability benefits that were properly due under the policy. This is precisely the sort of claim properly raised on administrative appeal. In any event, plaintiff does not appear to have argued bad faith in the district court, and we will generally not consider such claims for the first time on appeal. *See, e.g., Commodity Futures Trading Comm'n v. Vartuli,* 228 F.3d 94, 106 (2d Cir.2000).

For the foregoing reasons, the judgment of the district court dismissing plaintiff's complaint under 29 U.S.C. § 1132(a)(1)(B) for failure to exhaust administrative remedies is hereby AFFIRMED.