10-1594-cv
Teitel v. Deloitte & Touche Pension Plan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of April, two thousand eleven.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

Jeffrey H. Teitel, on behalf of himself & all others similarly situated,

> *Plaintiff-Appellant*,

Dov Frishberg, on behalf of himself,

> *Plaintiff*,

> v.                                                                 10-1594-cv

Deloitte & Touche Pension Plan, Deloitte & Touche, USA LLP,

> *Defendants-Appellees*,

_____

> ELI GOTTESDIENER, Gottesdiener Law Firm, PLLC, Brooklyn, New York, *for Plaintiff-Appellant Jeffrey H. Teitel*.

BEVERLY W. GAROFALO, Jackson Lewis LLP, Hartford, Connecticut (Ashley B. Abel, Jackson Lewis LLP, Greenville, South Carolina, *on the brief*), *for Defendants-Appellees Deloitte & Touche Pension Plan & Deloitte & Touche, USA LLP*.

Appeal from the judgment of the United States District Court for the District of Connecticut (Droney, *J.*). **UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant Jeffrey H. Teitel appeals the district court's rulings of August 26, 2008 and December 1, 2009 respectively dismissing his putative ERISA class-action claim for failure to exhaust administrative remedies and then denying his motion for reconsideration of that dismissal. As before the district court, Teitel contends that it would have been futile for him to exhaust his administrative remedies with the defendants. We assume the parties' familiarity with the underlying facts and procedural history of the case.

For the reasons given by the district court, claims such as Teitel's generally require full exhaustion of administrative remedies before they may be heard by a federal court. *See also Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993). After reviewing the issues on appeal and the record of proceedings below, it is apparent that Teitel has not made "a clear and positive showing that pursuing available administrative remedies would be futile." *Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 (2d Cir. 2001) (per curiam) (internal quotation marks and emphasis omitted). Indeed, outside of this lawsuit, Teitel has not even contacted the defendants about his claim. *Cf. id.* (informal correspondence between plaintiff and defendant regarding denial of benefits insufficient to establish futility). For the reasons clearly annunciated by the district court in its two rulings, the defendants' rejection of similar claims made

by two other individuals does not, on the record presented, show that it would have been futile for Teitel to pursue his own claims. Nor does the defendants' choice to defend this action on its merits in the district court operate *ex post facto* to make exhaustion futile. *Id.* at 134.

We have considered all of Teitel's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk