*Ruderman v. Liberty Mutual Group, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> ROBERT D. SACK,
> > *Circuit Judge*,
> BRIAN M. COGAN,
> > *District Judge.*\*

---

JENNIFER RUDERMAN,

> *Plaintiff-Appellant*,

v.                                                                                      21-817

LIBERTY MUTUAL GROUP, INC., LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, FKA LINCOLON LIFE ASSURANCE COMPANY OF BOSTON, LINCOLN FINANCIAL GROUP,

> *Defendants-Appellees*.

---

\* Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

1

For Plaintiff-Appellant:           MARIO D. COMETTI, Cometti Law Firm, Delmar, New York.

For Defendants-Appellees:          BYRNE J. DECKER (Ann-Martha Andrews, *on the brief*), Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Portland, Maine.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jennifer Ruderman appeals from a March 4, 2021 order of the district court (Hurd, *J.*) dismissing her complaint as preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") and denying as futile her cross-motion for leave to amend her complaint to plead for recovery under ERISA. *See Ruderman v. Liberty Mutual Grp., Inc.*, No. 1:20-cv-945, 2021 WL 827693, at *4 (N.D.N.Y. Mar. 4, 2021). On appeal, Ruderman argues that the district court erred in denying leave to amend her complaint based on her failure to exhaust administrative remedies because, *inter alia*, administrative review would have been futile and Defendants-Appellees Liberty Mutual Group, Inc., Liberty Life Assurance Company of Boston, and Lincoln Financial Group's regulatory noncompliance excused the requirement to pursue administrative remedies. For the following reasons, we **AFFIRM** the district court's dismissal of the complaint and denial of leave to amend the complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision.

\* \* \*

"We review the grant of a motion to dismiss a claim under Rule 12(b)(6) *de novo*," accepting the complaint's factual allegations as true and drawing all reasonable inferences in

Ruderman's favor pursuant to the "the well-established pleading standard articulated in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019)). "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224 (2d Cir. 2017) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).

Ruderman does not directly challenge the district court's dismissal of her operative complaint as preempted by ERISA.[1] Under ERISA, a plaintiff may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), *codified at* 29 U.S.C. § 1132(a)(1)(B). This civil enforcement scheme "completely preempts any state-law cause of action that 'duplicates, supplements, or supplants' an ERISA remedy." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)). Given that Ruderman's operative complaint sought a declaratory judgment of her entitlement to long-term disability benefits and alleged

---

[1] Ruderman implies that the district court improperly referenced documents outside of the complaint. *See* Appellant's Br. at 12. To the extent that she appeals the district court's decision on this basis, we disagree. While a court considering a Rule 12(b)(6) motion to dismiss "may review only a narrow universe of materials," the court may consider "documents appended to the complaint or incorporated in the complaint by reference" as well as "document[s] not expressly incorporated by reference in the complaint [that are] nevertheless 'integral' to the complaint." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citations and some internal quotation marks omitted). Here, the district court did not err in considering Ruderman's benefits policy and correspondence between Ruderman and Defendants-Appellees regarding her benefits status. *See Ruderman*, 2021 WL 827693, at *1 n.2. Even if we concluded that Ruderman's complaint did not expressly incorporate these documents by reference, the documents were certainly "integral" to the complaint given the nature of her claims.

breach of contract under state law, the district court correctly concluded that ERISA preempted her claims.

Ruderman does, however, contest the district court's denial of leave to amend her complaint as futile based on her failure to exhaust administrative remedies.[2] Under Federal Rule of Civil Procedure 15, when a party requests leave to amend a pleading before trial, the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Yet "it is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners*, 681 F.3d at 119 (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir. 1991)).

Ruderman principally argues that the district court should have granted leave to amend her complaint because pursuing administrative review of her claims would have been futile, therefore

---

[2] In challenging the denial of leave to amend her complaint, Ruderman briefly suggests that Defendants-Appellees acted in "bad faith," thus excusing her failure to exhaust administrative remedies. *See* Appellant's Br. at 19 n.2. Ruderman did not formally assert this argument before the district court, and the "law in this Circuit is clear that where a party . . . advances arguments available but not pressed below, . . . waiver will bar raising the issue on appeal." *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2006) (internal quotation marks and citation omitted). Yet even if we entertained Ruderman's claim of bad faith, her cursory assertion does not provide sufficient basis to excuse her failure to exhaust administrative remedies. *See, e.g.*, *Saladin v. Prudential Ins. Co. of Am.*, 337 F. App'x 78, 80 (2d Cir. 2009) (rejecting an administrative futility claim based on bad faith where the plaintiff "had the opportunity to identify [the alleged] errors and seek administrative correction"); *Greifenberger v. Hartford Life Ins. Co.*, 131 F. App'x 756, 759 (2d Cir. 2005) (rejecting an administrative futility claim based on bad faith where "[t]he complaint contain[ed] no allegations indicating [the provider's] bad faith" and "merely assert[ed] that [the provider] denied coverage for long term disability benefits that were properly due").

excusing the requirement that she exhaust administrative remedies. In particular, she asserts that she would have submitted the "exact same evidence," Appellant's Br. at 17, on administrative review as she provided on a prior appeal that resulted in the reclassification of her benefits; that Defendants-Appellees' conduct "exposed . . . a ruse to end an expensive payout of [her] benefits," Appellant's Br. at 19; and that Defendants-Appellees refused to consider "any further documentation," Appellant's Br. at 22, in evaluating her claim. We disagree.

As Ruderman recognizes, "the federal courts — including this Circuit — have recognized a 'firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases.'" *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 443 (2d Cir. 2006) (quoting *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993)). "The exhaustion requirement, however, is not absolute." *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 179 (2d Cir. 2013). "We do not require plaintiffs to exhaust their administrative remedies where they 'make a clear and positive showing that pursuing available administrative remedies would be futile.'" *Id.* (quoting *Kennedy*, 989 F.2d at 594). For instance, we have excused the failure to exhaust administrative remedies where the provider "informed [the plaintiff] that he had exhausted any administrative remedies available," and the recent denial of the plaintiff's benefits under a "more lenient" standard suggested to "any reasonable person" the futility of pursuing an administrative claim under a stricter standard. *Paese*, 449 F.3d at 449 (internal quotation marks and citations omitted).

Here, Ruderman's allegations fall short of the "clear and positive showing," *Kennedy*, 989 F.2d at 594, required to excuse her failure to exhaust administrative remedies. Even if we were to determine that Ruderman's factual allegations indicate she would be unlikely to succeed on administrative appeal, we cannot conclude that "any reasonable person," *Paese*, 449 F.3d at 449,

5

in her position would not pursue administrative review. Furthermore, as with administrative futility claims that we have previously rejected, there is "no evidence in the record that [Ruderman] even *notified* [Defendants-Appellees] of any disputed claim," *Kennedy*, 989 F.2d at 595 (emphasis in original), before filing suit. *See also Greifenberger v. Hartford Life Ins. Co.*, 131 F. App'x 756, 759 (2d Cir. 2005) (finding insufficient showing of futility where the plaintiff "made no attempt . . . to notify the insurer that she disputes its denial of benefits" (citing *Kennedy*, 989 F.2d at 593–95)). And to the extent that Ruderman asserts that the reclassification of her disability after her previous appeal indicates the futility of further administrative review, "this [C]ourt has expressly ruled that such allegations are insufficient to establish futility, particularly where a plaintiff has made no attempt whatsoever to file an administrative claim." *Id.* (citing *Kennedy*, 989 F.2d at 593–95); *cf. Teitel v. Deloitte & Touche Pension Plan*, 420 F. App'x 116, 116 (2d Cir. 2011) (finding insufficient showing of futility based on the provider's denial of similar claims by other individuals). In fact, Ruderman's success in appealing the initial termination of her benefits suggests that "administrative rejection of her challenge was not a foregone conclusion." *Saladin v. Prudential Ins. Co. of Am.*, 337 F. App'x 78, 80 (2d Cir. 2009). Thus, the district court appropriately rejected Ruderman's contention of the futility of administrative review and, by extension, properly denied leave to amend the complaint in light of her failure to exhaust administrative remedies.

Ruderman also asserts that Defendants-Appellees did not comply with their regulatory obligations, therefore excusing her failure to exhaust administrative remedies. She argues that the September 11, 2018 letter stating that she was entitled to benefits under a different classification of disability should have included notice of her right to appeal because the reclassification qualified as an "adverse benefit determination" that triggered notice requirements.

6

In addition, she claims that the December 3, 2019 letter informing her of the impending termination of her benefits and her right to appeal "did not present or identify any new information or justification for [the benefits] determination," Appellant's Br. at 20, and attempted "to salvage [the] obvious failure to give timely notice" of her right to appeal, Appellant's Br. at 21. Again, we disagree.

ERISA defines an "adverse benefit determination" as a "denial, reduction, or termination of . . . a benefit." 29 C.F.R. § 2560.503–1(m)(4)(i). Plan administrators must "provide a claimant with written or electronic notification of any adverse benefit determination," and such notice must include "a statement of the claimant's right to bring a civil action." *Id.* § 2560.503–1(g)(1); *see also Halo v. Yale Health Plan, Dir. of Benefits & Recs. Yale Univ.*, 819 F.3d 42, 48 (2d Cir. 2016). "In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the [regulatory] requirements . . . with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan." 29 C.F.R. § 2560.503–1(l)(2)(i). "[D]efendants who give inadequate notice of the right to administratively appeal a denial of benefits are thus precluded . . . from asserting failure to exhaust administrative remedies as a defense." *Strom v. Siegel Fenchel & Peddy P.C. Profit Sharing Plan*, 497 F.3d 234, 246 (2d Cir. 2007) (alteration in original) (quoting *Veltri v. Bldg. Serv. 32B–J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004)).

Ruderman's allegations fail to assert regulatory noncompliance that would excuse her failure to exhaust administrative remedies. As to the September 11, 2018 letter, we agree with the district court's conclusion that the letter "did not qualify as a denial, reduction, or termination of benefits" requiring notice of the right to appeal. *Ruderman*, 2021 WL 827693, at *4. Although the letter announced her new disability classification and provided a termination date for

benefits based on that disability, this reclassification followed Defendants-Appellees' initial termination of her long-term disability benefits and subsequent reversal of that decision. As a result, the letter did not mark a "reduction" of her benefits but rather a continuation of her benefits under a different classification. *See, e.g.*, *Fortier v. Hartford Life & Accident Ins. Co.*, 916 F.3d 74, 82 (1st Cir. 2019) (holding that a letter that "gave reasons for the extension of benefits" and "warned of the new termination date of those benefits" did not constitute an "adverse benefit determination"). As to the December 3, 2019 letter, Ruderman's arguments largely concern the merits of Defendants-Appellees' benefits determination rather than regulatory compliance. Moreover, the letter notified Ruderman of her right to appeal the determination.

Finally, Ruderman contends that denial of leave to amend her complaint was "premature" since the failure to exhaust administrative remedies serves as an affirmative defense rather than a jurisdictional requirement. Appellant's Br. at 11. She correctly notes that "a plaintiff's failure to exhaust administrative remedies when bringing a claim for benefits pursuant to [ERISA] does not mean we lack subject matter jurisdiction, but rather is an affirmative defense, subject to waiver, estoppel, futility, and similar equitable considerations." *Paese*, 449 F.3d at 439 (citation omitted). Yet "[a] district court has discretion to deny leave for good reason, including futility." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman*, 371 U.S. at 182). Thus, the district court could consider whether granting Ruderman leave to replead under ERISA would be futile due to her failure to exhaust administrative remedies. *See Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1198–99 (2d Cir. 1989) (upholding the denial of leave to "recast [the] remaining common law causes of action as ERISA claims on the ground of futility" in part because the plaintiff "made no attempt, as required, to exhaust the administrative remedies provided").

Given our conclusion that the district court properly denied leave to amend because Ruderman failed to exhaust her administrative remedies, we need not consider her other arguments.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk